CEM/RS: USAO# 2026R0007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE MILES,<br>a/k/a/ "Tony,"<br><br>Defendant. | CRIMINAL NO. JRR-26-71<br><br>(Sex Trafficking of a Child, 18 U.S.C. § 1591(a); Coercion and Enticement, 18 U.S.C. § 2422(b); Forfeiture, 18 U.S.C. §§ 1594(d) and 2428; 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)) |

### INDICTMENT

#### COUNT ONE
(Sex Trafficking of a Child)

The Grand Jury for the District of Maryland charges that:

#### General Allegations

1. Defendant **ANTOINE MILES, a/k/a "Tony,"** ("**MILES**") was born in 1968 and resided in Baltimore, Maryland.

2. Minor Victim 1 was born in 2009 and was 16 years old at the time of the offenses against her.

#### The Charge

3. On or about September 25, 2025, in the District of Maryland, the defendant,

**ANTOINE MILES,**
a/k/a/ "Tony,"

did knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, in and affecting interstate commerce, a person, namely, Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 18 years and that Minor Victim 1 would be caused to engage in a commercial sex act.

U.S.C. §§ 1591(a), (b)(2), and (c)

## COUNT TWO
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One and Two of Count One are incorporated here.

2. From on or about August 3, 2025, through on or about September 21, 2025, in the District of Maryland, the defendant,

**ANTOINE MILES,**
a/k/a/ "Tony,"

did use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18, to engage in sexual activity for which any person can be charged with criminal offense, that is, Sex Trafficking of a Minor, in violation of 18 U.S.C. 1591(a)(1), (b)(2), that is, Human Trafficking, in violation of Md. Code Ann., Criminal Law, § 3-1102(a)(1), (b)(1), and Prostitution, in violation of Md. Code Ann., Criminal Law, § 11-303(a), (b).

U.S.C. § 2422(b)

3

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 1594(d) and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions on any of the offenses charged in Counts One and Two of this Indictment.

### Sex Trafficking of a Child Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**ANTOINE MILES**
a/k/a "Tony,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(d):

    a. such person's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and

    b. any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

### Coercion and Enticement Forfeiture

3. Upon conviction of the offense set forth in Count Two of this Indictment, the defendant,

**ANTOINE MILES**
a/k/a "Tony,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

      a.    any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and

      b.    any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offenses.

### Property Subject to Forfeiture

4.    The property to be forfeited includes, but is not limited to, the following items:

    a.  Blue Samsung Galaxy S23 Ultra, IMEI 351184062688756 and 352048832688751.

### Substitute Assets

5.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. §§ 1594(d) and 2428  
21 U.S.C. § 853(p)  
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
FOREPERSON

2/19/26
Date